## COMMONWEALTH *vs.* DEAN S. JONES.

Middlesex.    November 30, 1891. — January 5, 1892.

Present: ALLEN, HOLMES, LATHROP, & BARKER, JJ.

*Intoxicating Liquors — Cross-examination — Contradiction of Witness.*

The testimony of government witnesses in support of a complaint for unlawfully exposing and keeping for sale intoxicating liquors on a certain day, elicited on cross-examination, denying that they were intoxicated at any time other than that in question respecting which they testified in chief, is immaterial, and evidence contradicting the same is properly excluded.

COMPLAINT for unlawfully exposing and keeping for sale intoxicating liquors, at Lowell, on September 22, 1890.

At the trial in the Superior Court, on appeal, before *Bond*, J., the government introduced in evidence the testimony of two witnesses which tended to prove the commission by the defendant of the offence charged on the day alleged. On cross-examination these witnesses were asked if at another time and place in Lowell they were not grossly intoxicated, and both witnesses denied that they were in any such condition at such time and place. The defendant then offered to show that both witnesses were at the time and place named in a state of gross intoxication, but the judge ruled that the evidence offered was not competent, and excluded the same; and the defendant excepted.

The jury returned a verdict of guilty; and the defendant alleged exceptions.

*N. D. Pratt & W. F. Courtney*, for the defendant.

*A. E. Pillsbury*, Attorney General, *& G. C. Travis*, First Assistant Attorney General, for the Commonwealth.

ALLEN, J.   The question whether the government witnesses were or were not intoxicated at another time than that respecting which they testified in chief, was immaterial to the issue on the trial.　The defendant, having asked the questions on cross-examination, must accept the answers.　To introduce other evidence on the subject would raise a false issue.

In the cases cited by the defendant it was only determined that testimony given in chief might be contradicted.

*Exceptions overruled.*