### COMMONWEALTH *vs.* JOSEPH E. SMITH.

Suffolk.   November 26, 1894. — January 1, 1895.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & LATHROP, JJ.

*Election — Discretion of Presiding Justice — Allegations in Indictment —*
*Instructions — Witness — Letter as Evidence.*

A motion to require the government, at the close of its testimony, to elect upon which of several counts in an indictment it will rely, is addressed to the discretion of the presiding judge; and his refusal to order an election is not subject to exception.

At the trial of an indictment for embezzlement no exception lies to the refusal of the court, at the close of the testimony for the government, to quash the first count of the indictment, because it then appeared that it was made up of several distinct items, some of which were included in the other three counts, the district attorney at that time having disclaimed any reliance upon the three acts of embezzlement charged in the other counts to support the charge contained in the first count, and having elected the specific acts of embezzlement alleged upon which he relied to sustain each count; and the rights of the defendant are fully protected if the jury are instructed as to the effect of such election, the limitations of the government's case as finally submitted, and the application of the evidence thereto.

If a question is put to a witness on cross-examination which is collateral or immaterial to the issue, his answer cannot be contradicted.

At the trial of an indictment for embezzlement, a letter written by the defendant, after he had been arrested and before the indictment had been found by the grand jury, containing threats against the person to whom it was addressed, who was the general manager of the company from which the money was supposed to have been embezzled by the defendant, and who had made the complaint by which the preliminary proceedings were had whereby the defendant's alleged offences were brought to the attention of the grand jury, is competent evidence, its weight being for the jury; and its admission after the defendant has testified is within the discretion of the court, and affords the defendant no ground of exception.

INDICTMENT, in four counts, for embezzlement.   At the trial in the Superior Court, before *Mason*, C. J., the jury returned a verdict of guilty upon all the counts; and the defendant alleged exceptions, the nature of which sufficiently appears in the opinion.

*J. E. Bates*, for the defendant.

*F. E. Hurd*, First Assistant District Attorney, for the Commonwealth.

LATHROP, J.   1.   No exception lies to the refusal of the court, at the close of the testimony for the government, to compel the

district attorney to elect upon which count or counts he would proceed. This was a matter within the discretion of the presiding judge. *Commonwealth* v. *Slate*, 11 Gray, 60. *Commonwealth* v. *Bennett*, 118 Mass. 443. *Commonwealth* v. *Pratt*, 137 Mass. 98. Nor does any exception lie to the refusal of the court, at this stage of the case, to quash the first count of the indictment, because it then appeared that it was made up of several distinct items, some of which were included in the other three counts. The district attorney at that time disclaimed any reliance upon the three acts of embezzlement charged in the other counts to support the charge contained in the first count. Moreover, at the conclusion of the testimony, and before the arguments, the district attorney elected the specific acts of embezzlement alleged upon which he relied to sustain each count. This he had a right to do. *Commonwealth* v. *Bennett, ubi supra.* The jury were instructed as to the effect of such election, the limitations of the government's case as finally submitted, and the application of the evidence thereto. The rights of the defendant were thus fully protected.

2. The question put to the defendant's wife, by which it was sought to contradict and discredit the witness Wilson, who had been asked the same question upon cross-examination, was rightly excluded. The evidence did not relate to any issue in the case, but to a collateral matter. *Eames* v. *Whittaker*, 123 Mass. 342. *Shurtleff* v. *Parker*, 130 Mass. 293. *Fitzgerald* v. *Williams*, 148 Mass. 462. *Alexander* v. *Kaiser*, 149 Mass. 321. *Commonwealth* v. *Jones*, 155 Mass. 170.

3. The letter written by the defendant to Wilson was clearly competent. It was written after the defendant had been arrested and before the indictment had been found by the grand jury. Wilson was the general manager of the company from which the money was supposed to have been embezzled by the defendant. He also had made or caused to be made the complaint by which the preliminary proceedings were had whereby the defendant's alleged offences were brought to the attention of the grand jury. He would naturally be an important witness at the trial. The letter contained threats against Wilson, and the jury might well find that its purpose was to intimidate Wilson, and to cause him to stop the prosecution, or at least not to

appear as a witness against the defendant. Evidence of this kind is in the nature of an admission by the defendant that he has not a good defence. It is admissible, though not conclusive. The weight to be given to it is to be determined by the jury. *Egan* v. *Bowker*, 5 Allen, 449. *Hastings* v. *Stetson*, 130 Mass. 76. *Simes* v. *Rockwell*, 156 Mass. 372. *Moriarty* v. *London, Chatham, & Dover Railway*, L. R. 5 Q. B. 314.

4. The admission of the letter after the defendant had testified was within the discretion of the court, and affords the defendant no ground of exception. *Commonwealth* v. *Blair*, 126 Mass. 40. *Commonwealth* v. *Brown*, 130 Mass. 279.

*Exceptions overruled.*