**STATE of Maine**

**v.**

**Michael JACKSON et al.**

Supreme Judicial Court of Maine.

Jan. 23, 1975.

Donald H. Marden, County Atty., Augusta, for plaintiff.

Norman C. Bourget, Augusta, Jolovitz & Niehoff by Warren M. Poulin, Waterville, Wathen & Wathen by Jessie H. Briggs, Augusta, for defendants.

Before DUFRESNE, C. J., and WEATHERBEE, POMEROY, WERNICK, ARCHIBALD, and DELAHANTY, JJ.

WEATHERBEE, Justice.

The three Defendants were indicted and tried jointly upon the charge of receiving and aiding in concealing stolen property, knowing it to have been stolen. The jury found each of them guilty of *aiding in concealing* stolen property of a value in excess of $100. 17 M.R.S.A. § 3551.[1]

There was testimony from which the jury could properly have found these facts:

In February of 1973 the North Whitefield School was broken into and a number of items stolen including a Bell & Howell 16 mm projector. This projector was 1½ years old, in excellent condition and had a value of about $600 or $700.

On April 8 the Defendant, Michael Jackson, brought this identical projector to a home in Hallowell and attempted to sell it for $50 to the lady of the house. He said that the projector was the property of his father. While Jackson was ineptly attempting to demonstrate the use of the projector the other two Defendants waited outside in the Defendant Merle Jackson's car. A member of the Hallowell family who suspected that the projector might be stolen called the Sheriff's Department. When a Hallowell Police officer arrived in the dooryard, the Defendant Merle Jackson entered the house and repeated the other Defendant's assertion that the projector belonged to Michael's father. Then the two men left the house "kind of hurriedly", Merle carrying the projector, saying that they would bring the projector back for another demonstration later.

During this time the Defendant Norman Ewen was sitting in the back seat of Merle Jackson's car and when the other Defendants entered the car they put the projector in the back seat beside Ewen. The officer, who was in uniform, approached the car and asked Ewen if the projector was for sale. Ewen answered that it was and that the price was $200. The officer then told the Defendants that the projector was possibly a stolen item and that they should wait there until its identification was completed. Instead, Merle drove the car away immediately. The officer overtook the car in his cruiser and brought it to a stop. He asked the three men to remain there with him while he made further radio inquiry

---

1. "§ 3551. Buying, receiving or concealing; restoration of property; subsequent conviction

   Whoever buys, receives or aids in concealing stolen property, knowing it to be stolen, shall be punished:

   1. Value does not exceed $100. If the value thereof does not exceed $100, by a fine of not more than $100 or by imprisonment for not more than 6 months;

   2. Value exceeds $100. If the value thereof exceeds $100, by a fine of not more than $500 or by imprisonment for not more than 5 years.

   . . ."

   Effective after the date of this trial, the penalty standard was increased to $500 by P.L.1973, ch. 39, §§ 1, 2. (The permissible limit of fines was also increased.)

concerning the status of the projector, but the men immediately jumped into their car again and drove away at a high rate of speed. The officer again gave chase, at the same time radioing for help from the State Police. A few moments later, the Defendants' car failed to negotiate a turn, left the road, and became mired in a wet area. Michael Jackson took the projector from the car, hid it in some bushes, and then started walking down the road where he was soon found by the Hallowell officer.

The State Police arrested Merle Jackson and Norman Ewen at the mired car, and the projector was recovered and later identified by the principal of the North Whitefield School.

Each of the three Defendants was represented by a Court appointed attorney, and now, on appeal, the following issues are raised severally or jointly:

*Sufficiency of the Indictment*

■ The indictment reads:

"THE GRAND JURY CHARGES: That Merle Jackson of Pittston, Norman Ewen of Windsor, both in the County of Kennebec and State of Maine, and Michael Jackson of Waldoboro, in the County of Lincoln and State of Maine, on or about the eighth day of April A.D. 1973, at Farmingdale, in said County of Kennebec, one Bell & Howell 16 MM projector, etched with letters NW 003, of the value of six hundred dollars, of the property of the Town of Whitefield, in said County of Lincoln, before then within said state, feloniously stolen, taken and carried away, feloniously did receive and aid in concealing, the said Merle Jackson, Norman Ewen and Michael Jackson then and there well knowing the same to have been feloniously stolen, taken and carried away."

We find no merit to the Defendant Merle Jackson's claim that the indictment fails to possess sufficient clarity to adequately apprise an accused of reasonable and normal intelligence of the criminal conduct alleged. State v. Thibodeau, Me., 317 A.2d 172, 180 (1974).

The statute prohibits conduct whereby one "buys, receives or aids in concealing stolen property, knowing it to be stolen". 17 M.R.S.A. § 3551.

The Defendants Merle & Michael Jackson, concede that "[t]he statute . . . makes the buying, receiving or aiding in concealment of stolen goods, but one offence, although it may be committed in three modes." State v. Nelson, 29 Me. 329, 334 (1849). However, the Defendants complain that the indictment did not inform them of the manner in which the State charges they committed the offense. We believe that the indictment informs the Defendants beyond any possibility of misunderstanding, that they committed the offense by *receiving* the projector and also by *aiding in concealing* it. If they required further specificity of the charge they could have moved for a Bill of Particulars, which they did not choose to do. M.R.Crim.P., Rule 7(f).

*The Justice's Charge to the Jury*

■ Those Defendants also urge us that the Justice's charge exposed them to multiple convictions in that he told the jury

"[a]nd if you find them guilty, you will be inquired of as to whether they are guilty of the offense of receiving stolen property, or concealing stolen property, or both. . . ."

The Justice, however, had made clear to the jury that there was only one offense which could be committed but, under this indictment, it could be committed, according to the statute, in either or both of two modes of conduct. The jury, acting on this indictment, could properly have found that the Defendants committed the offense by conduct which constituted both receiving and aiding in concealing. There would have been a single conviction. It could

also properly base its conviction upon a finding of conduct which constituted only one mode of committing the crime, as it did do. The fact that the indictment charged in the conjunctive did not require the State to prove *both* modes.

## Sufficiency of the Evidence

Finally, the Defendants, Merle and Michael Jackson, say that the evidence was insufficient to entitle the jury to find that the Defendants knew that the projector had been stolen and that the Justice should have granted their motions for acquittal at the close of the evidence. M.R.Crim.P., Rule 29(a).

■ The jurors had before them the evidence of the Defendant Michael's unsuccessful attempt to demonstrate the projector for sale, the Defendants' explanation that the projector belonged to Michael's father, Merle's apparent warning of danger when the officer arrived, the hasty exit from the home, their unwillingness to remain with the officer while he made further radio inquiry as to the status of the projector, their later flight from the officer, Michael's attempt to hide the projector in the bushes, Michael's offer to sell the projector for a price far below its fair value, and Ewen's assertion of ownership and his offer to sell to the officer for a figure four times that of Michael's offer to the lady. The jury could properly infer from Defendants' conduct that the Defendants believed the projector was stolen property. State v. Beale, Me., 299 A.2d 921 (1973); State v. Melanson, Me., 325 A.2d 14 (1974). Furthermore, none of the Defendants rested at the close of the State's evidence, and the jury also heard Merle Jackson and Norman Ewen testify that they had found the projector at the North Whitefield dump and that Michael, aware of this alleged explanation of their acquisition, had bought it from them for $35.00. The jury was entitled to weigh this explanation in the light of the other facts of the case.

■ The Defendant Ewen argues to us that there is a complete absence of evidence indicating that he in any way aided in concealing the stolen property. He characterizes his conduct as that of simply sitting in the back of the car with the projector. Mere presence in the car with the property, he reminds us, will not constitute possession of the property. State v. Dall, Me., 305 A.2d 270 (1973). The term "aid" is defined in Black's Law Dictionary 91 (4th ed.rev. 1968) as "[t]o support, help, assist or strengthen . . . [s]upplement the efforts of another." The jury was entitled to conclude from the evidence that the three Defendants were engaged in a joint enterprise in which they concealed from the owner the location of his stolen property, knowing it to have been stolen, with the intention of disposing of it as their own for profit. The Defendant Ewen was more than a passive spectator—he asserted his ownership to the officer, offered to sell it to the officer, and, in offering to sell it to the officer, quoted a price which might have been calculated to appear more in keeping with the appearance of innocence than the $50.00 figure they were asking from the occupants of the house. After the Defendant Michael Jackson had left the car with the projector following the miring of the car, it was Ewen who told the State Police officer that the man who had just left the car was an unknown hitchhiker whom they had picked up.

Finally, the Defendant Ewen urges that at the close of the case, the State's evidence was not sufficient to exclude, beyond a reasonable doubt, every other hypothesis except that of the Defendants' guilt.

■ In the first place, the sufficiency of proof to withstand a motion for acquittal made at the completion of *all* the evidence is measured by the totality of the evidence and not by the State's evidence alone. State v. Brewer, Me., 325 A.2d 26 (1974); Glassman, Maine Practice, § 29.3.

Secondly, we suggested in State v. Tomer, Me., 304 A.2d 80, 85 (1973) that the often repeated statement that circumstantial evidence "must be sufficient to exclude every other reasonable hypothesis except that of the respondent's guilt" is but the repetition of a useless ritual which many courts have abandoned and which adds nothing to a jury's understanding of its duties. Later, in State v. Pike, Me., 306 A.2d 145, 149 (1973) we repeated our warning as to the suspect quality of this language. The United States Supreme Court has declared it to be confusing and incorrect as a part of a judge's instruction when the jury has been properly instructed on the standards for proof beyond a reasonable doubt. Holland v. United States, 348 U.S. 121, 139–140, 75 S.Ct. 127, 137, 99 L.Ed.2d 150, 166 (1954). We consider that this language is valueless as it suggests a special test concerning sufficiency of circumstantial evidence as distinguished from direct evidence. In either case, the test is the same—that is, whether from all the evidence and from such reasonable inferences as may properly be drawn therefrom the guilt of a defendant has been proved beyond a reasonable doubt. This standard was made abundantly clear to the jurors.

The Defendant Ewen offered innocent explanations for his conduct in connection with the stolen projector. It was within the province of the jurors, after assessing credibility of these explanations, to find that they raised no reasonable doubts as to the Defendant Ewen's guilt.

The evidence was sufficient to justify the convictions and there was no error in the Justice's denial of the Defendants' motions for acquittal.

The entry will be:

Appeals denied.

All Justices concur.