**STATE of Maine**

v.

**Joseph ROUSELLE a/k/a
Ernie Rouselle.**

Supreme Judicial Court of Maine.

Argued March 16, 1989.

Decided June 1, 1989.

Mary Tousignant, Dist. Atty., Anne Jordan (orally), Asst. Dist. Atty., Alfred, for plaintiff.

Zbigniew J. Kurlanski (orally), Saco, for defendant.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN and COLLINS, JJ.

ROBERTS, Justice.

Joseph Rouselle appeals from judgments of conviction of gross sexual misconduct, 17–A M.R.S.A. § 253 (Supp.1988), and three

counts of unlawful sexual contact, 17–A M.R.S.A. § 255 (Supp.1988), entered on a jury verdict by the Superior Court (York County, *Cole, J.*). Rouselle challenges three evidentiary rulings and the sufficiency of the evidence. We affirm the convictions.

■ Rouselle claims the trial court erred by allowing the State to use leading questions on direct examination of two child victims, who were 14 and 10 years old at the time of trial. Because children may be asked leading questions on direct examination in the court's discretion, *State v. Moore*, 377 A.2d 1365, 1366 (Me.1977), and because such questions may be particularly appropriate in cases involving sex crimes where a child may be hesitant to testify, *id*, we conclude that the court acted within its discretion by permitting such questions. Moreover, the court could properly refuse to give a requested curative instruction following an allegedly leading question of even an adult witness.

■ Rouselle next challenges the State's use of opinion testimony from two lay witnesses. The court overruled an objection to the State's question of the victims' stepmother, "What is [named child's] memory of the events like today as opposed to two years ago when she first told you about these incidents?" The court also overruled an objection to the State's question of a police officer who interviewed the children, "[H]ow would you describe their recall back in February of 1986, the details?" Because the court could have concluded that the memory of the child witnesses was an important issue and that these questions could shed light on that issue, the court could properly permit them. M.R.Evid. 401, 701.

■■ Rouselle also claims that the court erred by permitting the State to elicit testimony about his prior failure to appear in court. The State produced evidence at trial that Rouselle was aware of his scheduled court appearance, that a warrant had been issued for his arrest, and that he attempted to evade capture by the police. Evidence of flight to avoid accusation or arrest, when viewed with other incrimina-

ting evidence, may demonstrate a consciousness of guilt. *State v. Thompson*, 503 A.2d 228, 231 (Me.1986). The court could have concluded that the probative value of Rouselle's failure to appear was not substantially outweighed by any danger of unfair prejudice. M.R.Evid. 403.

Finally, Rouselle challenges the sufficiency of the evidence used to convict him. Viewing the evidence in the light most favorable to the prosecution, the jury rationally could have found every element of each count of the indictment beyond a reasonable doubt. *State v. Barry*, 495 A.2d 825, 826 (Me.1985).

The entry is:

Judgment affirmed.

All concurring.