## STATE of Maine

### v.

### Ronald James LEE.

Supreme Judicial Court of Maine.

Submitted on Briefs Nov. 16, 1990.
Decided Dec. 10, 1990.

John Connelly, Asst. Atty. Gen., Portland, for plaintiff.

Thomas Connolly, Portland, for defendant.

Before McKUSICK, C.J., and WATHEN, GLASSMAN, CLIFFORD, COLLINS and BRODY, JJ.

BRODY, Justice.

Defendant Ronald James Lee appeals from a judgment of the Superior Court (Cumberland County, *Perkins, J.*) entered after a jury found him guilty of trafficking in cocaine in violation of 17–A M.R.S.A. § 1103 (1983). The evidence at trial generated the issue of Lee's entrapment by a paid informer for the Bureau of Intergovernmental Drug Enforcement (BIDE), and the court properly instructed the jury that the prosecution had the burden to prove the absence of entrapment beyond a reasonable doubt. Lee now argues that the evidence was insufficient to enable the jury to find beyond a reasonable doubt that he was not entrapped. We disagree and affirm the judgment.

Lee's conviction arose out of the sale of approximately one-eighth of an ounce of cocaine to BIDE Agent Winston McGill on August 6, 1989, in Brunswick. A second BIDE agent, Dean Perry, witnessed the transaction from a distance of fifty to sixty yards. The deal was arranged by Lee's girlfriend of four months, Vineta, who, unknown to him, was a paid informer for BIDE.

Only McGill and Perry testified for the prosecution at Lee's trial. Vineta's whereabouts at the time of the trial were unknown. At the conclusion of the State's case, Lee moved for a judgment of acquittal, which the court denied. He subsequently testified in his own behalf, and the court gave an appropriate entrapment instruction to the jury. Following the jury's guilty verdict, the court denied Lee's renewed motion for a judgment of acquittal.

On appeal, Lee challenges only the sufficiency of the evidence to support the jury's finding beyond a reasonable doubt that he was not entrapped. Lee contends specifically that the evidence of his predisposition to commit the offense charged was insufficient to support the jury's guilty verdict.

Once the issue of entrapment is generated, the burden shifts to the prosecution to prove the absence of entrapment

beyond a reasonable doubt. *State v. Bisson*, 491 A.2d 544, 548 (Me.1985). The defendant must be acquitted unless the State establishes beyond a reasonable doubt either that there was no inducing impact on the defendant's behavior attributable to the conduct of government agents or, even if there was, that the defendant was predisposed to commit the crime charged. *State v. McCrillis*, 376 A.2d 95, 99 (Me.1977).

■ The standard to be applied to determine whether the evidence of the absence of entrapment was sufficient to support the jury's conviction of Lee is whether, based on that evidence viewed in the light most favorable to the prosecution, the jury rationally could have found beyond a reasonable doubt that Lee had a predisposition to traffick in cocaine. *See State v. Barry*, 495 A.2d 825, 826 (Me.1985). We can vacate the verdict only if the jury could not rationally have reached its conclusion on the basis of the evidence before it. *State v. Caouette*, 462 A.2d 1171, 1176 (Me.1983). Furthermore, the weight of that evidence and the determination of witness credibility are the jury's exclusive province. *Id.*

From the evidence before it the jury rationally could have found the following facts:

On August 4, Vineta asked Lee to obtain some cocaine for a friend of hers who was visiting from New Hampshire. The next afternoon, Lee made four telephone calls to friends from work, and "one guy called somebody else and eventually a contact was made." That evening, Lee met a man outside a Cumberland Farms store in Freeport and bought the cocaine. On the morning of August 6, Vineta went to Lee's apartment with McGill posing as her friend from New Hampshire. While McGill parked his car in front of Lee's apartment building, Perry took up a position some fifty yards away. Vineta went inside and came out a few minutes later with Lee, who got into McGill's car. Once inside the car, Lee pulled out a baggie containing about one-eighth of an ounce of cocaine and gave it to McGill in exchange for $280.

According to McGill, Lee told him that "he had been holding it for me, this was his last, he got rid of the other stuff prior to the day before." McGill also testified: "He said he was leaving and would be back. I believe I asked him at the time if he had any more if I got a hold of him. And he told me, yes." Perry testified that he observed Lee when he came out of his apartment building with Vineta and that Lee "seemed to be in a very good mood. He had a very big smile on." He further testified that after Lee got out of McGill's car he went up the stairs of his apartment building to a small landing, "turned, smiled, waved and sort of bobbed up and down and went back inside."

From the testimony of McGill and Perry the jury rationally could have determined that the transaction between Lee and McGill was not Lee's first involvement with cocaine or cocaine trafficking, a factor that tends to show predisposition on Lee's part. *See State v. Matheson*, 363 A.2d 716, 723 (Me.1976). The jury also could have inferred from Lee's own testimony that he was more familiar with the drug scene than he purported to be. The facts that he willingly attempted to locate cocaine at Vineta's request, knew people to contact to obtain it, and was able to arrange to buy it in a matter of a few hours all constitute evidence of Lee's predisposition to traffick in cocaine. *See id.*

Viewing the evidence in the light most favorable to the State, we are satisfied that it was sufficient to establish beyond a reasonable doubt Lee's predisposition to commit the offense charged. Accordingly, we cannot say that the jury acted irrationally in concluding that Lee was not entrapped.

The entry is:

Judgment affirmed.

All concurring.