**STATE of Maine**

v.

**Demitrius GLOVER.**

Supreme Judicial Court of Maine.

Submitted on Briefs June 5, 1991.
Decided July 29, 1991.

Janet Mills, Dist. Atty., Patricia Mador, Asst. Dist. Atty., Auburn, for plaintiff.

David Brandt, Dilworth, White & Brandt, Windham, for defendant.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, CLIFFORD, COLLINS and BRODY, JJ.

BRODY, Justice.

Defendant Demitrius Glover appeals from his conviction entered in the Superior Court (Androscoggin County, *Alexander, J.*) after a jury found him guilty of attempted trafficking in cocaine, a violation of 17–A M.R.S.A. §§ 152 (1983) and 1103 (1983 & Supp.1990).[1] Glover contends that the court erred in denying his motion for a judgment of acquittal made at the close of the State's evidence. He also contends that the evidence as a whole was insufficient to support his conviction. We find no error and affirm the judgment.

On the evening of July 5, 1990, Glover and his girlfriend were walking in downtown Lewiston when Special Agent Cameron Campbell of the Bureau of Intergovernmental Drug Enforcement (BIDE) stopped his car alongside them. A conversation ensued between Glover and Campbell's passenger, and Campbell eventually asked Glover to obtain two $50 bags of cocaine for him. Glover consented, saying that they would have to take a ride for it. After he and his girlfriend got into Campbell's car, Glover directed Campbell to an apartment building on Lincoln Street. When they arrived, Campbell gave Glover $100 to purchase the cocaine. Glover and his girlfriend went into the building, but returned empty-handed, telling Campbell that they would have to go to another place.

On Glover's instructions, Campbell drove to a Park Street apartment building. After entering the building with his girlfriend, Glover returned to Campbell's car with two small, plastic bags of a white powder tucked under his tongue. Campbell took the bags and slipped them into the waistband of his pants. He later field-tested the contents and received a negative result. The powder was subsequently analyzed in a laboratory to reveal that it contained no drugs at all but only baking soda.

Glover was indicted for attempted trafficking in cocaine, a Class C offense, to which he pleaded not guilty. At his trial on December 11, 1990, the court denied his motion for a judgment of acquittal made at the close of the State's evidence. Glover then testified that he knew all along that the white powder in the bags was baking soda because he had put it there himself in order to "rip these guys off." After the court denied his renewed motion for a judgment of acquittal, the jury found him guilty as charged.

On appeal, Glover first argues that the court erred in denying his motion for a judgment of acquittal made at the conclusion of the State's case. Specifically, he

---

1. Section 1103 provides in pertinent part that "[a] person is guilty of unlawful trafficking in a scheduled drug if he intentionally or knowingly trafficks in what he knows or believes to be any scheduled drug, and which is, in fact, a scheduled drug." 17–A M.R.S.A. § 1103(1) (Supp. 1990). Cocaine is a Schedule W drug. *Id.* § 1102(1)(F) (Supp.1990). Trafficking is defined in pertinent part as selling or otherwise furnishing for consideration. *Id.* § 1101(17)(C) (1983).

Section 152 provides in pertinent part:

1. A person is guilty of criminal attempt if, acting with the kind of culpability required for the commission of the crime, and with the intent to complete the commission of the crime, he engages in conduct which, in fact, constitutes a substantial step toward its commission. A substantial step is any conduct which goes beyond mere preparation and is strongly corroborative of the firmness of the actor's intent to complete the commission of the crime.

2. *It is no defense to a prosecution under this section that it was impossible to commit the crime which the defendant attempted, provided that it would have been committed had the factual and legal attendant circumstances specified in the definition of the crime been as the defendant believed them to be.*

*Id.* § 152(1) & (2) (emphasis added).

contends that a review of the State's case fails to reveal any evidence from which the jury could rationally have found that he believed that he was selling cocaine to Special Agent Campbell. He also argues that the totality of the evidence was insufficient to support his conviction for attempted trafficking in cocaine. We disagree.

■ The only cognizable issue raised by Glover on appeal is whether the evidence as a whole was sufficient to support his conviction. "The standard to be applied to determine whether evidence is sufficient to support a jury's conviction is whether, based on that evidence viewed in the light most favorable to the prosecution, any trier of fact rationally could find beyond a reasonable doubt every element of the offense charged." *State v. Barry*, 495 A.2d 825, 826 (Me.1985). In applying this standard, we recognize that the weight of the evidence and the determination of witness credibility are the exclusive province of the jury. *State v. Lee*, 583 A.2d 212, 214 (Me. 1990).

■ Special Agent Campbell testified that when he asked Glover if he could obtain two $50 bags of cocaine, "Glover said, 'Yeah, sure. We have got to go for it.'" Later, according to Campbell, when Glover and his girlfriend returned empty-handed from the Lincoln Street apartment building, "[Glover] said that the people he had gone to see didn't have any coke, that they were expecting some later, and that we would have to go someplace else." Campbell also testified that Glover's technique of hiding the two small bags of white powder under his tongue is one often used by persons transporting cocaine because it allows them to speak somewhat coherently yet avoid detection of the drugs in a pat-down search.

Campbell described the bags and testified that they were identical in appearance and method of packaging to other bags of cocaine that he had seen as a result of more than 150 drug investigations. He further testified that, but for the fact that the white powder was baking soda, there was nothing in the transaction with Glover that was significantly different from other undercover purchases that Campbell had made in his eleven-plus years as a police officer and BIDE agent. Finally, Wayne Buck, the forensic chemist who conducted the laboratory analysis of the powder, testified that the appearance and weight of the bags was consistent with that of numerous bags that he had tested over a period of eleven years.

From this evidence, viewed in the light most favorable to the State, the jury could rationally have found beyond a reasonable doubt that Glover intended to sell or furnish cocaine for money and took a substantial step toward that end by selling or furnishing for money a substance that he believed to be cocaine. Despite Glover's contentions to the contrary, the jury was not compelled to believe his testimony that his only intent was to "rip off" Campbell by selling him baking soda, particularly when Glover already had possession of Campbell's $100 and had ample opportunity simply to run with it. Rather, the jury could easily have inferred that Glover himself was "ripped off" by the person from whom he made the purchase. A conviction based on circumstantial evidence is not for that reason less conclusive. *State v. Lavigne*, 588 A.2d 741, 744 (Me.1991).

The entry is:

Judgment affirmed.

McKUSICK, C.J., and WATHEN and CLIFFORD, JJ., concurring.

GLASSMAN, J., with whom ROBERTS and COLLINS, JJ., join, dissenting

I must respectfully dissent. Pursuant to the provisions of 17–A M.R.S.A. § 1103 (1983 & Supp.1990), it is not sufficient that a person *knows or believes* a certain substance to be any scheduled drug; the substance must *in fact* be a scheduled drug. Under the terms of 17 M.R.S.A. § 152 (1983), stating that impossibility is no defense to a prosecution for attempt *"provided that it would have been committed had the factual and legal attendant circumstances specified in the definition of the crime been as the defendant believed them to be"* does not prevent Glover's de-

fense that *in fact* the substance was not cocaine. Accordingly, absent evidence that the substance in question was *in fact* cocaine, it is irrelevant what Glover believed it to be, and the trial court should have granted Glover's motion for a judgment of acquittal. The contrary would be true if the substance were *in fact* cocaine but Glover testified he believed it to be baking soda.