STATE of Maine

v.

**Alexander REYNOLDS, Robert Day and Lester E. Feltis.**

Supreme Judicial Court of Maine.

Submitted on Briefs Jan. 24, 1992.
Decided Feb. 28, 1992.

William R. Anderson, Dist. Atty., David Spencer, Asst. Dist. Atty., Wiscasset, for plaintiff.

Charles Devoe, Damariscotta, for Reynolds.

Samuel G. Cohen, Waldoboro, for Day.

Robert B. Cumler, Davidson & Cumler, Waldoboro, for Feltis.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, CLIFFORD and COLLINS, JJ.

COLLINS, Justice.

Alexander Reynolds, Robert Day and Lester E. Feltis appeal from their convictions, after a jury trial in the Superior Court (Lincoln County, *Perkins, J.*), on one

count of gross sexual assault each. The three appeal their convictions on various grounds. Because we find no merit in their contentions, we affirm.

## I.

■ The defendants contend that the trial court erred by refusing to give the jury an instruction on the use of evidence of the victim's prior conviction. On cross-examination, the victim admitted that she had been convicted of theft. At the appropriate juncture, defendant Feltis asked the court to issue an instruction on the use of that testimony. Because Feltis made a timely objection to the court's instructions, we review them, in their entirety, for legal error. *Towle v. Aube,* 310 A.2d 259, 266 (Me.1973). A party is entitled to have a requested instruction given only if it is, *inter alia,* not already sufficiently covered in the instructions. *Id.*

■ The Superior Court's instructions addressed the jury's role in assessing credibility, but did not refer to the victim's theft conviction. M.R.Evid. 609 makes clear that such evidence can be used only to assess the witness's credibility. A jury, without any guidance from the court, is likely to apply common misconceptions about the character of convicted criminals. Because the legally permissible use of prior conviction evidence is not intuitively understood by lay-people, a general instruction concerning credibility does not sufficiently cover the use of such evidence and it was error not to give a specific instruction upon request by defendants.

■ Although the Superior Court should have instructed the jury on use of the prior conviction, we detect no potential for prejudice. The defendants argue that without the requested instruction the jury would believe the evidence was offered as an improper attack on the victim's character. Their claim of prejudice is entirely speculative. Because it is "highly probable that the error did not affect the judgment," we hold that the failure to instruct the jury on

use of a prior conviction was harmless. *State v. True,* 438 A.2d 460 (Me.1981).

## II.

■ The defendants further contend that the trial court abused its discretion in its response to the jury's requests for readbacks of the testimony. Whether testimony is read back to the jury is a discretionary decision for the trial court. 11 M.R.S.A. § 1–106; *State v. Giglio,* 441 A.2d 303, 310 (Me.1982). It is not necessarily an abuse of discretion to allow readback of only the prosecution testimony where an objection is made. *State v. Hebert,* 455 A.2d 925, 931 n. 4. (Me.1983). Here, the only potential objection appears to have been withdrawn, so the stricter obvious error standard applies. M.R.Crim.P. 52(b), *State v. Bahre,* 456 A.2d 860, 864 (Me.1983).

■ It cannot be said that the Superior Court committed "obvious error" by complying with the jury's requests on their own terms. In the first instance, the court acted properly in denying what it took to be a request for a copy of the transcript. When the jury returned with a rephrased request [1], the court granted the request but advised the jury that the officer's testimony on cross-examination was available on request. On its final request, the jury specified a certain portion of the testimony, and the court complied. In the past we have asserted that complying with a request for a read-back is the "preferable" response. *State v. Hebert,* 455 A.2d at 931. We conclude that the court committed no obvious error by doing just that.

## III.

The defendants also contend that the Superior Court abused its discretion in denying two motions. In May, defendant Reynolds sought $400 from the court for a more complete pre-sentence evaluation. The Superior Court denied the motion. In July, defendant Day moved for a forensic exami-

---

1. The jury's first request read, "(w)e need to read the transcript of the officer's statement." On its second attempt, the jury requested, "(w)e would like to hear only the part from when the officer arrived at the trailer until he found two of the men in the bathroom."

nation. That motion was denied at the sentencing hearing.

Both defendants failed to present any evidence as to the necessity for these requested services or to establish any prejudice to them as a result of the court's denial of their motions. Accordingly, the defendants have shown no reversible error.

## IV.

■ The defendants have also asserted that there was insufficient evidence to sustain their convictions. They contest the sufficiency of the evidence on both statutory prerequisites for a gross sexual assault, a sexual act and compulsion. 17–A M.R.S.A. § 253 (Supp.1991).[2] Jury verdicts are overturned only where no trier of fact rationally could have found the essential elements of the charged offense beyond a reasonable doubt. *State v. Lovejoy,* 493 A.2d 1035, 1037 (Me.1985).

■ The testimony of the victim, alone, demonstrated that both elements were present. Her testimony that Reynolds had intercourse with her certainly satisfies the sexual act element. "The uncorroborated testimony of a victim, if not inherently improbable, incredible or lacking a

measure of common sense, is sufficient to sustain a verdict for a sexual crime." *State v. Philbrick,* 551 A.2d 847, 852 (Me. 1988). Here, the victim's testimony was even corroborated by several witnesses. She also testified that the other two defendants held her down during the act and that she pushed them away and begged them to stop. This account meets the statutory definition of compulsion. *See State v. Warren,* 571 A.2d 231 (Me.1990). It also provides sufficient evidence to sustain Feltis' and Day's convictions as accomplices to Reynolds.[3] The victim's testimony is not inherently unreliable, so it alone can sustain their convictions. *State v. Philbrick,* 551 A.2d at 852.

The entry is:

Judgment affirmed.

All concurring.

---

**2.** *Sexual act* is defined, in pertinent part, as "(a)ny act between 2 persons involving . . . direct physical contact between the genitals of one and the genitals of the other." 17–A M.R.S.A. § 251(C)(1) (Supp.1991). *Compulsion* "means the use of physical force, a threat to use physical force or a combination thereof that makes a person unable to physically repel the actor." 17–A M.R.S.A. § 251(E).

**3.** An accomplice is liable for the acts of another if, "(w)ith the intent of promoting or facilitating the commission of the crime, he solicits such other person to commit the crime, or aids or agrees to aid or attempts to aid such other person in planning or committing the crime." 17–A M.R.S.A. § 57(3)(A).