**STATE of Maine**

v.

**Ho TAI.**

Supreme Judicial Court of Maine.

Argued May 11, 1993.

Decided July 30, 1993.

Stephanie Anderson, Dist. Atty., Jane Elizabeth Lee (orally), Patricia Mador, Asst. Dist. Attys., Portland, for the state.

Peter E. Rodway (orally), Portland, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, COLLINS, RUDMAN and DANA, JJ.

RUDMAN, Justice.

Ho Tai appeals from the Superior Court (Cumberland County, *Brennan, J.*), judgments entered on the jury verdicts finding him guilty of robbery, 17–A M.R.S.A. § 651(1) (1983), and burglary while armed with a firearm, 17–A M.R.S.A. § 401 (1983), in connection with an incident involving the robbery of more than thirty Asian restaurateurs gathered at a house in Westbrook for a card game. Because we agree that the State failed to introduce sufficient evidence to connect Ho Tai to the crimes at issue, we vacate the convictions and remand to the Superior Court for entry of judgments of acquittal.

On October 15, 1990, at approximately 1:20 a.m., the Westbrook Police responded to a report of a robbery in progress at 16 Newcomb Place. The first officer at the scene was met at the door of the house by a masked gunman. Eventually, the police apprehended two of the three gunmen who had robbed the restaurateurs of tens of thousands of dollars.

At around 4:30 a.m., a police officer discovered Ho Tai sleeping on the floorboards of a Dodge Caravan parked near the house where the crimes at issue took place. The police officer "ordered" Ho Tai out of the van, conducted a search for weapons and escorted him to a police cruiser while the high beams were shown on him. The purpose of this "show up" was to allow victims of the robbery the opportunity to identify Ho Tai. The victims did eventually identify Ho Tai—not as a perpetrator, but as a victim. Ho Tai was then taken to police headquarters, as was apparently everyone else, whether victim or perpetrator, to allow the police to sort out matters.[1]

The police observed keys in the ignition of the van in which Ho Tai was found and the fact that the van had a Maine license plate with a Massachusetts inspection sticker. It was eventually determined that the license plate had been stolen from a car in Saco. One of the officers further observed a black nylon stocking, similar to those worn by the perpetrators, sticking out from under the back of the driver's seat. The stocking was left where it had been observed. After securing a search warrant for the van, the police seized the stocking that had been observed and another that was found under the van's middle seat.

On appeal, Ho Tai argues that this evidence was insufficient to link him to the crimes at issue. We agree.

When reviewing challenges to the sufficiency of the evidence, we review the evidence in the light most favorable to the State to decide whether a factfinder rationally could find every element of the criminal charges beyond a reasonable doubt. *State v. Tempesta,* 617 A.2d 566, 567 (Me. 1992); *State v. Priest,* 617 A.2d 537, 539 (Me.1992). We will overturn a jury verdict only when no trier of fact rationally could have found the essential elements of the charged offense beyond a reasonable doubt. *State v. Reynolds,* 604 A.2d 911, 913 (Me.1992). In order to meet its burden of proof, the State must prove two distinct propositions. *State v. Carleton,* 148 Me. 237, 242, 92 A.2d 327, 329 (1952). First, the State must prove that the acts constituting the crime were done. Second, the State must prove the defendant's involvement in the criminal acts. Mere suspicion of a defendant's involvement in the commission of a crime does not supply evidence sufficient to support a conviction. *See id.* at 241–42, 92 A.2d at 329 (citing *State v. Caliendo,* 136 Me. 169, 175, 4 A.2d 837 (1939)). Presence at the scene of a crime, without any-

---

1. A detective who was at the scene and assigned as the primary investigating officer described the crime scene as follows:

    There was a lot of chaos and confusion going on. There were all kinds of Asian people running around, not many speaking English, a lot of officers from different agencies and hard to coordinate things and get a concerted effort going to investigate the crime.

thing more, does not prove guilt. *See, e.g., State v. Libby,* 435 A.2d 1075, 1077 (Me. 1981); *State v. Gervais,* 394 A.2d 1183, 1185 (Me.1978).

Only suspicion supplies a connection between Ho Tai and the crimes at issue. The record reveals that Ho Tai was found sleeping on the floor of a van with a stolen license plate, parked near the scene of the robbery, three and one-half hours after the commission of the crime. While the record reveals that stockings similar to those used by the perpetrators were found in the van, there is no evidence to link the stockings to the crime, or Ho Tai to the stockings. Moreover, while one of the State's witnesses testified that he knew most of the card players by sight and that he did not recognize Ho Tai as one of them, this testimony, which admittedly is somewhat less than certain, would do no more than allow the jury to speculate as to Ho Tai's unestablished role in the robbery. In short, the State failed to introduce any evidence that would allow the jury to do anything other than speculate as to Ho Tai's role—victim or perpetrator.

The entry is:

Judgments vacated. Remanded to the Superior Court for the entry of judgments of acquittal.

WATHEN, C.J., and ROBERTS, GLASSMAN and DANA, JJ., concur.

COLLINS, Justice, dissenting.

I respectfully dissent.

While I agree with the Court that the State must meet its burden of proving beyond a reasonable doubt that criminal acts occurred and the defendant was involved in their commission, somewhere between its recitation and application of the applicable standard of review, the Court loses sight of the requirement that when reviewing challenges to the sufficiency of the evidence, the Court is constrained, by its own precedent, to review the evidence in the light most favorable to the State. *See, e.g., State v. Tempesta,* 617 A.2d 566, 567 (Me. 1992); *State v. Priest,* 617 A.2d 537, 539 (Me.1992). Moreover, we have repeatedly held that criminal convictions may be based entirely on circumstantial evidence and are not, for that reason, any less conclusive. *See, e.g., State v. Bowman,* 611 A.2d 560, 561 (Me.1992); *State v. Curtis,* 552 A.2d 530, 532 (Me.1988); *State v. Durgan,* 467 A.2d 165, 167 (Me.1983).

The evidence presented in this case, when viewed in the light most favorable to the State, would support the fact-finder's rational conclusion that the State had proved Ho Tai's involvement in the criminal acts at issue beyond a reasonable doubt. At trial, the officer who discovered Ho Tai, testified that Ho Tai was hiding under the seat of the van when he was discovered. Clearly, this version of the facts is more favorable to the State than the version recited by the Court. Based on this fact, the presence of stockings similar to those used by the perpetrators, and the arrival of the van on the scene shortly before the commission of the crimes at issue, the jury would have been warranted in drawing the reasonable inferences that Ho Tai was conscious of his own guilt, and either the third gunman or an accomplice to the crimes at issue. *See State v. Rouselle,* 559 A.2d 779, 780 (Me.1989) (evidence of flight to avoid accusation or arrest, when viewed with other incriminating evidence, may demonstrate consciousness of guilt); *State v. Jackson,* 331 A.2d 361, 365 (Me.1975) (standard to be applied by jurors is "whether from all the evidence and such reasonable inferences as may properly be drawn therefrom the guilt of the defendant has been proved beyond a reasonable doubt"). I see little difference between the "flight" in *Rouselle* and the "hiding" in the present case.

Moreover, the jury would have been justified in rejecting outright, as it apparently did, the incredible evidence that tended to establish that Ho Tai was merely sleeping in the van. The record reveals that the van was parked in the middle of a crime scene where scores of people, including law enforcement personnel, victims and perpetrators, were milling about. Gunshots had been fired. The jury was entirely justified in rejecting Ho Tai's "sound sleeper" defense. This Court, given our standard of

review, should leave the fact-finding to the fact-finder and accept the fact-finder's conclusion that Ho Tai was hiding, not sleeping. *See, e.g., State v. Glover,* 594 A.2d 1086, 1088 (Me.1991) (weight of the evidence and determination of witness credibility are jury's exclusive province); *State v. Lee,* 583 A.2d 212, 214 (Me.1990) (same); *State v. Park,* 159 Me. 328, 333, 193 A.2d 1, 4 (1963) (jury is judge of facts). More importantly, we should not deviate from our long-standing precedent that permits the fact-finder to draw reasonable inferences from the evidence and convictions to stand on circumstantial evidence.

I would affirm the convictions.