**STATE of Maine**

v.

**Donald OWENS.**

Supreme Judicial Court of Maine.

Submitted on Briefs Jan. 27, 1994.

Decided March 2, 1994.

Geoffrey Rushlau, Dist. Atty., E. Erick Laurentz, Asst. Dist. Atty., Bath, for State.

David McLoon, Bath, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, COLLINS, RUDMAN and DANA, JJ.

WATHEN, Chief Justice.

Defendant Donald Owens appeals from the judgment of the Superior Court (Sagadahoc County, *Bradford, J.*) convicting him of kidnapping, 17–A M.R.S.A. § 301(1) (1983). Defendant contends that the court erred when it denied his motion to dismiss the indictment. He further contends that no rational factfinder could have found that he knowingly restrained his wife for a substantial period of time. Finding no error, we affirm the judgment.

■ Defendant moved for a dismissal of the indictment arguing that the State had failed to file a bill of particulars within the time specified by the court. His motion was denied. The record reflects that, although late, the State responded with a bill of particulars, and then confined its case to the facts set forth in its response. We find no abuse of discretion nor do we find that defendant has shown that the State's late response deprived him of a fair trial. *State v. Caulk,* 543 A.2d 1366, 1370 (Me.1988).

■ Likewise, defendant's challenge to the sufficiency of the evidence must fail. Viewing the evidence in the light most favorable to the State, a factfinder rationally could find that defendant knowingly restrained his wife from that point in the afternoon when he asked her to leave the house, then stopped her from leaving by assaulting her, to the time the victim and defendant went to bed that evening. *State v. Tempesta,* 617 A.2d 566, 567 (Me.1992). That period of confinement, spanning several hours, satisfies the substantial period of restraint necessary to establish the crime of kidnapping. *State v. Estes,* 418 A.2d 1108, 1113 (Me.1980).

The entry is:

Judgment affirmed.

All concurring.