STATE of Maine,

v.

Keith C. GORMAN.

Supreme Judicial Court of Maine.

Submitted on Briefs Sept. 20, 1994.

Decided Oct. 21, 1994.

Michael Povich, Dist. Atty., Machias, for State.

Richard Emerson, Childs, Emerson, Rundlett, Fifield & Childs, Portland, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN, and DANA, JJ.

RUDMAN, Justice.

Keith C. Gorman appeals from the judgment of conviction entered in the Superior Court (Washington County, *Alexander, J.*) after a bench trial for reckless or criminally negligent manslaughter, 17–A M.R.S.A. § 203(1)(A) (1983 & Supp.1993); two counts of aggravated assault, 17–A M.R.S.A. § 208(1)(A) (1983); and four counts of reckless conduct, 17–A M.R.S.A. § 211 (1983). Gorman challenges the sufficiency of the evidence to establish recklessness or criminal negligence. Contrary to Gorman's contentions, the court could rationally have found both criminal negligence and recklessness beyond a reasonable doubt. We therefore affirm the judgment of conviction.

The court could have found that Gorman and his brother were boating on West Grand Lake on May 26, 1991. The day was sunny and the lake was calm. In a boat powered by a 90–horsepower engine, the Gormans proceeded northwards at approximately thirty miles per hour when the boat struck a small boat trolling for fish in the middle of the lake. The collision killed Gena Marie Roberts and severely injured Cornelius Noddin, Jr. The weight of the testimony, including Gorman's own admission, is that the bow of his boat was up in the air blocking his vision as the boat travelled a distance equal to four football field lengths prior to striking the hapless boat in which Ms. Roberts, Mr. Noddin and three others were passengers.

█ When we review a challenge to the sufficiency of the evidence to support a verdict in a bench trial, the standard of review is the same as that for a jury verdict: "whether [the] fact-finder rationally could find every element of the criminal charge beyond a reasonable doubt." *State v. Tempesta,* 617

A.2d 566, 567 (Me.1992) (District Court convicted defendant of driving to endanger).

■ To prove criminal negligence the State must prove that the defendant's conduct, viewed objectively, constituted a gross deviation from the standard that a reasonable and prudent person would have observed. 17–A M.R.S.A. § 35(4) (1983); *State v. Tempesta*, 617 A.2d at 567. Gorman travelled for at least thirty seconds at approximately thirty miles per hour without being able to see in front of him. Gorman's contention that the court's conclusion that he was "driving blind" is unsupported by the evidence is meritless.

■ To prove recklessness, the State needs to prove that Gorman consciously disregarded the risk that his conduct could lead to a collision and his disregard of the risk, when viewed in the light of the nature and purpose of his conduct, and the circumstances known to him involved a gross deviation from the standard of conduct that a reasonable and prudent person would observe in the same situation. 17–A M.R.S.A. § 35(3). Conscious disregard is a subjective standard. *State v. Goodall*, 407 A.2d 268, 280 (Me.1979). Despite seeing other boats on the lake, Gorman drove across the lake at high speed, unable to see ahead of his boat. His conduct is analogous to the hunter's in *State v. Perfetto*, 424 A.2d 1095, 1098 (Me. 1981) (Hunter who fires a shot without knowing at what he was shooting is reckless—consciously disregards the risk of taking human life.). The evidence is sufficient to establish both criminal negligence and recklessness.

The entry is:

Judgment affirmed.

All concurring.