STATE of Maine

v.

Randolph R. LORD and Richard
D. Kimball.

Supreme Judicial Court of Maine.

Argued Jan. 5, 1983.

Decided April 15, 1983.

Charles K. Leadbetter, Maryellen Black (orally), Asst. Attys. Gen., Augusta, for plaintiff.

John S. Jenness, Jr. (orally), South Paris, for defendants.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, CARTER and VIOLETTE, JJ.

VIOLETTE, Justice.

Randolph R. Lord and Richard D. Kimball appeal the denial of their Motions for New Trial in Superior Court, Oxford County. The defendants, indicted separately but tried together, were convicted by a jury for the 1979 murder of Frank Carkin. They appealed and we affirmed their convictions in *State v. Kimball*, 424 A.2d 684 (Me.1981). We now affirm the Superior Court denial of their new trial motions.

On January 4, 1982, defendants, pursuant to M.R.Crim.P. 33, filed Motions for New Trial in Superior Court, based on newly discovered evidence. Defendants sought to show that a witness at trial, James Louis Sneider, had made statements implicating himself alone as the murderer. Sneider had moved to Oregon, however, and a motion for an out-of-state subpoena for him was denied.[1] Instead, Gerald McKenna, Jr., a friend of Sneider who told defendants in prison about the statements he allegedly heard Sneider make, testified at the hearing on the new trial motion. Following the hearing, the presiding justice denied defendants' motions, ruling that

the motion for a new trial is ... denied on the grounds that there is some real question in the Court's mind as to whether this could have been discovered at the time of trial, and more important, that it would not probably change the result if a new trial were held with this additional evidence, and for the most part even though from an evidentiary point of view it is admissible as substantive evidence,

essentially it is impeaching of Mr. Snyder's [sic] testimony.

■ On a motion for a new trial based on newly discovered evidence, the defendant must show, by convincing evidence, *State v. Arnold*, 434 A.2d 57, 59 (Me.1981), all five of the following elements:

(1) that the evidence is such as will probably change the result if a new trial is granted, (2) that it has been discovered since the trial, (3) that it could not have been discovered before the trial by the exercise of due diligence, (4) that it is material to the issue, and (5) that it is not merely cumulative or impeaching, unless it is clear that such impeachment would have resulted in a different verdict.

*State v. Estes*, 418 A.2d 1108, 1114 (Me. 1980); *State v. Casale*, 148 Me. 312, 319–20, 92 A.2d 718, 722 (1952). The presiding justice's decision will be upheld on appeal unless it is clearly erroneous. *State v. Pierce*, 438 A.2d 247, 253 (Me.1981); C. Wright, *Federal Practice & Procedure: Criminal 2d* § 557. In this case, although the transcript from defendants' trial was apparently before the presiding justice [2] and was referred to by counsel for the defendants and the State during the new trial motion hearing, it is not part of the record before us on appeal. Without the transcript from defendants' trial, we are unable to fully assess defendants' contention that the presiding justice's ruling was in error. As we have previously pointed out, the burden of bringing forward an adequate appellate record rests upon the appellant. *State v. Bellanceau*, 367 A.2d 1034, 1038 (Me.1977); see *State v. Desjardins*, 401 A.2d 165, 168–69 (Me.1979); see also *Rastrom v. Robbins*, 440 F.2d 1251, 1254 (1st Cir.), cert. denied, 404 U.S. 863, 92 S.Ct. 53, 30 L.Ed.2d 107 (1971).

■ On the record which is before us, consisting primarily of the transcript from the motion hearing, we cannot say that the

---

1. Defendants have not raised the denial of the motion as an issue in this appeal.

2. Although it is unclear, there are several references in the hearing transcript which indicate that the trial transcript was before the presiding justice.

presiding justice's findings are clearly erroneous. We must therefore affirm his judgment.

 Defendants also contend that the presiding justice, by assessing the credibility of the witness who appeared on their behalf at the hearing on their new trial motion, improperly deprived them of their right to have a jury assess witness credibility. Defendants' objection, however, is relevant only to the first prong of the test for a new trial based on newly discovered evidence—whether the evidence might be expected to result in a different verdict. Because the presiding justice's ruling also rested on elements three (lack of due diligence) and five (cumulative or impeaching), and because defendants must satisfy all five elements before they may be accorded a new trial, we need not address defendants' challenge to that one element.

The entry is:

Appeal denied.

All concurring.