**STATE of Maine**

v.

**Darien PRESTON.**

Supreme Judicial Court of Maine.

Argued Sept. 11, 1986.

Decided Feb. 23, 1987.

Michael E. Povich, Dist. Atty., Carletta M. Bassano (orally), Asst. Dist. Atty., Machias, for plaintiff.

Talbot & Talbot, William B. Talbot, Jr. (orally), Machias, for defendant.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, WATHEN, GLASSMAN, SCOLNIK and CLIFFORD, JJ.

CLIFFORD, Justice.

The State appeals from an order of the Superior Court, Washington County, granting defendant Darien Preston's motion for a new trial on the ground of newly discovered evidence. *See* 15 M.R.S.A. § 2115-A (1980 & Supp.1986) and M.R.Crim.P. 37B. The State contends that the motion justice erred in granting a new trial solely on the basis of inadmissible hearsay testimony. Because we determine that Preston failed to establish a reasonable likelihood that the testimony would be admissible at trial, we vacate the Superior Court's order.

## I.

After a jury trial in September 1985, the defendant was found guilty of burglary, 17–A M.R.S.A. § 401 (1983 and Supp.1986) (Class C), criminal trespass, 17–A M.R.S.A. § 402 (1983) (Class E), and criminal mischief, 17–A M.R.S.A. § 806(1)(A) (1983) (Class D),[1] consequent to a break-in at Murphy's Pizza in Machias on April 3, 1985. In October 1985, more than 10 days after the verdict, the defendant moved for a new trial on the ground of newly discovered evidence and requested a hearing. *See* M.R.Crim.P. 33.

The only evidence offered at the hearing on the defendant's motion for a new trial was the testimony of Cynthia Pennell, an acquaintance of the defendant, who testified that at around the time of the break-in, she had heard one Dray boasting that he had committed the crimes and that the police were after someone else. Although she had become friendly with the defendant during the summer of 1985 and was aware that he was charged with these crimes, she did not tell him of Dray's declaration. She testified she had attached no significance to the statement at the time, since she knew Dray to be a braggart. Pennell ended her relationship with defendant toward the end of the summer and left the Machias area. She testified that she came forward with the information only in October 1985 after she returned to Machias on a visit and learned of the defendant's conviction.

Finding Pennell to be a credible witness, the motion justice overruled the State's timely hearsay objection to the testimony concerning Dray's declaration, ruling that it was admissible as a declaration against penal interest. *See* M.R.Evid. 804(b)(3). Although defense counsel admitted that he had made no effort to procure the presence of Dray at the hearing, the motion justice determined that if found, Dray would probably assert a privilege against incrimination. *See* M.R.Evid. 804(a)(1) & (5). Based on Pennell's testimony, the motion justice granted the defendant's motion for a new trial.

## II.

We need not decide the issue of the admissibility vel non of Pennell's testimony at the hearing on the motion for a new trial. We address instead the question whether the defendant established a reasonable likelihood that Dray would be unavailable within the meaning of M.R.Evid. 804(a) at the new, second trial.

█ In order to prevail on a motion for a new trial grounded on newly discovered

---

1. Defendant was found not guilty on a charge of theft by unauthorized taking or transfer, 17–A M.R.S.A. § 353 (1983) (Class E).

evidence, the moving party must demonstrate 1) that the newly discovered evidence will probably lead to a different result in a new trial; 2) that the evidence has been newly discovered since the trial; 3) that it could not have been discovered through the exercise of due diligence; 4) that the evidence is material; and 5) that the evidence is not merely cumulative or impeaching, unless it is clear that such impeachment would have resulted in a different verdict. *State v. Lord*, 458 A.2d 432, 433 (Me.1983); *State v. Casale*, 148 Me. 312, 319–20, 92 A.2d 718, 722 (1952).

Admissibility of hearsay evidence bears directly on the first requirement, for it is apparent that if the evidence offered at the new trial is inadmissible, it cannot change the result. In most cases the motion justice will be able to determine at the hearing on the motion for a new trial or even on the affidavits submitted in support of the motion, *see Commonwealth v. Colantoni*, 396 Mass. 672, 681, 488 N.E.2d 394, 400 (1986), whether the proffered newly discovered evidence will be admissible at a new trial.

■ For Dray's inculpatory statement to be admissible as a declaration against penal interest pursuant to M.R.Evid. 804(b)(3), the defendant had the burden of showing the following: 1) Dray must have been unavailable as a witness within the meaning of Rule 804(a); 2) the statement must so far have tended to subject Dray to criminal liability that a reasonable person in his position would not have made the statement unless he believed it to be true; and 3) the statement must have been corroborated by circumstances "clearly" indicating its trustworthiness. *State v. Smith*, 415 A.2d 553, 559 (Me.1980).

■ The motion justice erred as a matter of law in concluding that Dray would be unavailable within the meaning of M.R. Evid. 804(a)(1). A witness may be unavailable under 804(a)(1)[2] if the court rules that he is exempt from testifying by virtue of privilege, in this case, the privilege against self-incrimination.[3] But in order for a witness to be unavailable within the meaning of 804(a)(1), that witness must actually appear in court and refuse to testify. *State v. McDonough*, 350 A.2d 556, 561 (Me. 1976). A finding such as the motion justice made in this case, that the witness is likely to invoke the privilege, is insufficient.

■ The defendant also failed to demonstrate a reasonable likelihood that Dray would be unavailable under M.R.Evid. 804(a)(5).[4] That rule requires that the proponent of the statement make a showing of reasonable effort or good faith attempt to procure the attendance of the witness before that witness may be declared unavailable and his out of court declaration made admissible through the testimony of another witness. *State v. Scholz*, 432 A.2d 763, 765 (Me.1981). Although the court has broad discretion in determining whether a good faith attempt has been made, *id.* at 766, there is no evidence in this record on which the motion justice could base such a finding. In answer to the motion justice's question as to whether any attempt had been made to locate Dray, counsel answered, "Not to my knowledge, Your Honor."

■ Moreover, the motion justice committed clear error in finding that any effort to locate Dray would be unavailing. Pennell's obvious lack of personal knowledge of Dray's whereabouts deprives her testimony of any probative value. Where the declarant's unavailability is the decisive criterion, there is no reason why admissibility at a later trial cannot be shown with rea-

---

**2.** M.R.Evid. 804(a)(1):

(a) **Definition of Unavailability.** "Unavailability as a witness" includes situations in which the declarant:

(1) is exempted by ruling of the court on the ground of privilege from testifying concerning the subject matter of his statement;

. . . .

**3.** U.S. Const. amend. V; Me. Const. art. I, § 6.

**4.** M.R.Evid. 804(a)(5):

(a) **Definition of Unavailability.** "Unavailability as a witness" includes situations in which the declarant:

(5) is absent from the hearing and the proponent of his statement has been unable to procure his attendance by process or other reasonable means.

sonable likelihood at the hearing on the motion.

The defendant could have attempted to subpoena and so have produced Dray at the hearing, where Dray could have invoked the privilege against self-incrimination. Alternatively, the defendant could at least have demonstrated that he made a reasonable effort to produce Dray. *See* M.R.Evid. 804(a)(1) & (5). Had the defendant produced Dray and had Dray invoked the privilege, or had the defendant demonstrated a reasonable, but unsuccessful, effort to produce Dray, then Dray would in either circumstance have been unavailable within the meaning of Rule 804(a), and his declaration would have come within a hearsay exception. Moreover, in either circumstance the motion justice would then have been in a position to determine whether the declarant would likely be unavailable at a later trial. Here, the defendant took no action at all in regard to Dray, and the motion justice made that determination on nothing more than conjecture.

In the interests of fostering an end to litigation and preserving the integrity of criminal judgments, motions for new trial on the ground of newly discovered evidence are regarded with disfavor. *State v. O'Clair,* 292 A.2d 186, 197 (Me.1972); *State v. Verrill,* 54 Me. 581, 582 (1866). The evidence in support of the motion must be convincing. *State v. Gagne,* 349 A.2d 193, 199 (Me.1975); *State v. Terroni,* 270 A.2d 75, 78 (Me.1970). "No court wishes a defendant to remain in jail if he has discovered evidence showing that he is not guilty, but after a man has had his day in court, and has been fairly tried, there is a proper reluctance to give him a second trial." 3 C. Wright, *Federal Practice and Procedure: Federal Rules of Criminal Procedure,* § 557 at 315 (1982). *See also State v. Flaherty,* 340 A.2d 212, 215 (Me.1975).

The motion justice granted the motion for a new trial based on newly discovered evidence solely on the basis of Dray's statement against penal interest. Because the *defendant* failed to demonstrate any reasonable likelihood that Pennell's testimony would be admissible at a new trial, the evidence was insufficient to support the granting of the motion for a new trial.

The entry is: Judgment vacated.

Remanded for entry of order denying defendant's motion for new trial.

All concurring.