**STATE of Maine**

v.

**Michael PRIEST.**

Supreme Judicial Court of Maine.

Argued Nov. 5, 1992.

Dec. 3, 1992.

Stephanie Anderson, Dist. Atty., Jane Elizabeth Lee, Asst. Dist. Atty. and Thomas Marjerison, Law Student Intern (orally), Portland, for the State.

Thomas Connolly (orally) and Seth Berner, Portland, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, COLLINS and RUDMAN, JJ.

RUDMAN, Justice.

Michael Priest appeals from his conviction of robbery, 17–A M.R.S.A. § 651 (1983), and aggravated assault, 17–A M.R.S.A. § 208 (1983), (Cumberland County, *Perkins, J.*), claiming that the trial court erred in excluding testimony of a purported exculpatory statement, insufficiency of the evidence, and error by the trial court in denying his motion for a new trial. We affirm the judgment of the Superior Court.

## I.

### THE TRIAL COURT'S RULING UNDER M.R.EVID. 804(b)(3)

At trial, the defendant sought to introduce testimony of his girlfriend and his mother that Frank Cook had made an out-of-court statement admitting that Cook and Wesley Wentworth were involved in the robbery and the assault of the victim in the parking lot of a Portland convenience store and that Priest was not involved. Although Cook was known to the defendant and an attempt was made to subpoena Cook, no request for a continuance was made in order that Cook be located and subpoenaed to testify.

■ Our review of a trial court's ruling under M.R.Evid. 804(b)(3) is for abuse of discretion. *See State v. Barden*, 432 A.2d 404, 408 (Me.1981). *State v. Holt*, 391 A.2d 822, 825 (Me.1978).

■ Specifically, Priest argues that Cook's out-of-court statement was admissible hearsay under M.R.Evid. 804(b)(3) which provides in part that:

(b) **Hearsay Exceptions.** The following are not excluded by the hearsay rule if the declarant is unavailable as a witness: (3) *Statement Against Interest.* A statement which was at the time of its making so far contrary to the declarant's pecuniary or proprietary interest, or so far tended to subject him to civil or criminal liability or to render invalid a claim by him against another or to make him an object of hatred, ridicule, or disgrace, that a reasonable man in his position would not have made the statement unless he believed it to be true. A statement tending to expose the declarant to criminal liability and offered to exculpate the accused is not admissible unless corroborating circumstances clearly indicate the trustworthiness of the statement.

M.R.Evid. 804(b)(3).

In *State v. Smith*, 415 A.2d 553, 559 (Me.1980), we noted that the three require-

ments for admissibility under Rule 804(b)(3) are:

1. the declarant must be unavailable as a witness;
2. the statement must so far tend to subject the declarant to criminal liability that a reasonable person in his position would not have made a statement unless he believed it to be true;
3. the statement must be corroborated by circumstances that "clearly" indicate its trustworthiness.

Although there is evidence in the record to support the finding that the first two requirements are met, the trustworthiness of the evidence is in question. Priest argues that the proffered statement was corroborated by circumstances clearly indicating its trustworthiness. The four factors supporting trustworthiness in this context are:

(1) the time of the declaration and the party to whom it was made;
(2) the existence of corroborating evidence in the case;
(3) whether the declaration is inherently inconsistent with the accused's guilt; and
(4) whether at the time of the incriminating statement the declarant had any probable motive to falsify.

See *Smith*, 415 A.2d at 560. Priest argues that the proffered testimony is supported by other evidence, and indeed, there is other evidence corroborating the proffered testimony. The corroborative evidence, however, was not presented until *after* Priest's offer of proof. The trial court did not have the benefit of that testimony at the time it sustained the State's objection to the testimony. We discern no error in the court's exclusion of that evidence.

## II.

### SUFFICIENCY OF THE EVIDENCE

■ Priest argues that the evidence is insufficient to convict him. The standard of review applicable is whether, viewing the evidence in a light most favorable to the State, a jury rationally could have found beyond a reasonable doubt every ele-

ment of the offense charged. *State v. Barry*, 495 A.2d 825 (Me.1985). On review of the evidence, we conclude that Priest's claim of insufficiency is without merit.

## III.

### MOTION FOR A NEW TRIAL

■ In *State v. Casale*, 148 Me. 312, 92 A.2d 718 (Me.1952), we enunciated the test that a defendant must satisfy in order to obtain a new trial based on newly discovered evidence. The requirements that must be shown by convincing evidence are:

(1) that the evidence is such as will probably change the result if a new trial is granted;
(2) that it has been discovered since the trial;
(3) that it could not have been discovered before the trial by the exercise of due diligence;
(4) that it is material to the issue; and
(5) that it is not merely cumulative or impeaching, unless it is clear that such impeachment would have resulted in a different verdict.

*State v. Casale, Id.* at 319, 92 A.2d 718; *see also State v. Lord*, 458 A.2d 432, 433 (Me. 1983). We review the trial court's decision for clear error. *See id.* "[I]t is for the presiding justice to determine both the weight and the credibility to be attached to the newly discovered evidence." *See State v. Arnold*, 434 A.2d 57, 60 (Me.1981).

■ The newly discovered evidence on which Priest based his motion consisted of affidavits of Susan LaPointe stating that the business records of the convenience store do not reflect that one of the prosecution witnesses was working at the time of the incident and of Vincent Schwartz stating the defendant was not involved in the assault, as well as the testimony of Frank Cook and Brenda Martin.

Priest's arguments concerning the affidavit of LaPointe and the testimony of Martin clearly fall within the purview of *State v. Young*, 413 A.2d 161, 162 (Me. 1980), in that the documentary evidence on which they rely to conclude the employee was not working during the week in ques-

tion existed in an easily accessible manner at the time of the original trial. If Priest had exercised "due diligence" he could have secured this evidence.

Schwartz's affidavit and Cook's testimony established the fact that they were each present at the relevant time and place. This evidence, however, is not such as will probably change the result if a new trial were to be granted. Both the Schwartz affidavit and the Cook testimony exculpate Priest while not inculpating either the affiant or the witness. The evidence is cumulative. At trial, Priest in his defense denied responsibility for the crime and other witnesses testified that it was not Priest who committed the crime. The court was not compelled to conclude that the evidence would probably change the result if a new trial were granted.

The evidence offered in support of Priest's motion for a new trial does not meet the *Casale* test.

The entry is:

Judgment affirmed.

All concurring.