**STATE of Maine**

v.

**Dennis John DECHAINE.**

Supreme Judicial Court of Maine.

Argued April 29, 1993.

Decided Aug. 26, 1993.

---

Michael Carpenter, Atty. Gen., Eric E. Wright (orally), Asst. Atty. Gen., Augusta, for the State.

Thomas J. Connolly (orally), Portland, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, COLLINS, RUDMAN and DANA, JJ.

GLASSMAN, Justice.

Dennis John Dechaine appeals from the judgment entered in the Superior Court (Knox County, *Bradford, J.*) denying his motion for a new trial based on newly discovered evidence, pursuant to M.R.Crim.P. 33, offered in support of his contention that Douglas Senecal was the perpetrator of the offenses for which Dechaine was convicted following a jury trial. We find no error in the record, and we affirm the judgment.

In connection with the death of twelve-year-old Sarah Cherry, Dechaine was charged with intentional or knowing murder in violation of 17–A M.R.S.A. § 201(1)(A) (1983 & Supp.1992); depraved indifference murder in violation of 17–A M.R.S.A. § 201(1)(B); kidnapping in violation of 17–A M.R.S.A. § 301(1)(A) (1983); and two counts of gross sexual misconduct in violation of 17–A M.R.S.A. § 253(1)(B) (1983 & Supp.1992). After a trial, judgments were entered on the jury verdicts finding Dechaine guilty of the charged offenses. Dechaine appealed, challenging,

*inter alia,* the trial court's exclusion of proffered evidence in support of Dechaine's contention that Senecal was the perpetrator of the offenses for which Dechaine had been convicted. In *State v. Dechaine,* 572 A.2d 130 (Me.1990), we determined that the trial court had not erred in excluding the proffered evidence on the ground that it constituted nothing more than mere speculation. *Id.* at 133–34. Although Dechaine did not challenge the sufficiency of the evidence to support the verdicts, we also determined, after our review, that based on the evidence submitted to it the jury rationally could find beyond a reasonable doubt all the elements of the offenses with which Dechaine was charged. The historical facts reflected by that review are detailed in our opinion. *Id.* at 131–32 & n. 3. We modified the judgments to reflect a single entry of judgment on the charges of knowing or intentional murder and depraved indifference murder with the imposition of a single sentence on those charges and, as modified, affirmed the judgments. Dechaine then filed the present motion for a new trial. After a hearing, the court denied the motion, and Dechaine appeals.

Dechaine contends that the trial court erred by denying his motion for a new trial. He argues that the evidence offered at the hearing on his motion for a new trial provides the previously missing nexus between Senecal and Sarah Cherry on the date of her death and that this evidence would probably change the result of the previous trial if a new trial is granted.

■■■■ We have repeatedly stated that to obtain a new trial based on newly discovered evidence a defendant must establish by convincing evidence that:

(1) the evidence is such as will probably change the result if a new trial is granted;

(2) it has been discovered since the trial;

(3) it could not have been discovered before the trial by the exercise of due diligence;

(4) it is material to the issue; and

(5) it is not merely cumulative or impeaching, unless it is clear that such im-peachment would have resulted in a different verdict.

*See, e.g., State v. Priest,* 617 A.2d 537, 539 (Me.1992); *State v. Lord,* 458 A.2d 432, 433 (Me.1983); *State v. Casale,* 148 Me. 312, 319–20, 92 A.2d 718, 722 (1952).

It is not enough for the defendant to show that there is a possibility or a chance of a different verdict. '[I]t must be made to appear that, in light of the overall testimony, new and old, another jury *ought* to give a different verdict; there must be a *probability* that a new trial would result in a different verdict.' *State v. Arnold,* 434 A.2d 57, 59–60 (Me. 1981) (quoting *State v. Lewis,* 373 A.2d 603, 611 (Me.1977) (emphasis in original)). The trial court determines both the weight and the credibility to be attached to the newly discovered evidence. *Priest,* 617 A.2d at 539. We review the trial court's denial of a motion for a new trial for clear error. *Id.*

Dechaine presented a number of witnesses at the hearing on his motion. Historical facts pertinent to their testimony are as follows: On July 6, 1988, sometime between noon and 3:20 p.m., Sarah Cherry disappeared from the home of Jennifer and John Henckel on Lewis Road in Bowdoin, where she was caring for their infant child in the parents' absence. Dechaine's notebook and a bill for the repair of his truck were found in the driveway of the Henckel home on Mrs. Henckel's return. Later that day both Dechaine and his red Toyota pickup truck were located near the area where Sarah's body was discovered on July 8, 1988. Dechaine's vehicle was locked, and the keys to the vehicle were in Dechaine's possession. A red Toyota pickup truck had been seen driving on Lewis Hill Road the afternoon of July 6. The rope used to tie Sarah was similar to that found in Dechaine's truck and barn, and the rope found near her body was part of the rope found in Dechaine's truck. Tire impressions found outside the Henckel home were consistent with the tire tread of Dechaine's truck, and the stab wounds inflicted on Sarah were consistent with that which could be inflicted by a small knife routinely carried by Dechaine. Several separate ad-

missions to the crime were made by Dechaine. *State v. Dechaine,* 572 A.2d at 132, n. 3.

Sarah resided in Bowdoin with her mother, Deborah, and stepfather, Christopher Crossman. Crossman had two minor daughters, Jacqueline and Jessica, by a previous marriage, who resided with their mother, Maureen, and stepfather, Douglas Senecal, in Phippsburg. Senecal owned a red and white Ford pickup truck. Sometime prior to July 6, 1988, Senecal had been indicted for the offense of unlawful sexual contact with Jacqueline. The trial of that matter was scheduled for the middle of July 1988. The State had not listed Sarah as a witness for that trial, and the State had no plans to call her as a witness. Prior to July 6, 1988, Jacqueline, to the knowledge of Senecal, left Maine. On January 15, 1989, the indictment of Senecal was dismissed for the failure of the State to produce Jacqueline as a witness. *Id.* at 132–35 & nn. 3, 6.

■ The evidence offered by Dechaine at the hearing on his motion for a new trial was directed toward establishing that Senecal had both a motive to kill Sarah and the opportunity to do so to prevent her being a witness at the trial of the charges against him. We have carefully reviewed the record, and we find no error in the trial court's determination that the evidence offered was speculative and based on conjecture as to both Senecal's claimed motive and claimed opportunity to commit the offenses of which Dechaine has been convicted. There was nothing in the evidence offered to establish that Senecal knew Dechaine, had access to Dechaine's vehicle or other belongings, or knew that Sarah was caring for the Henckel child on July 6. There was no evidence that Sarah had any knowledge of the incident giving rise to the charges against Senecal or that Sarah was listed as a witness to be called by the State for that trial. We agree with the trial court that the evidence adduced at the hearing on Dechaine's motion for a new trial was not such as would probably effect a change in the outcome if a new trial were granted. *Priest,* 617 A.2d at 539.

■ We find no merit in Dechaine's contention that the trial court erred in excluding the proffered testimony of two jurors from the trial of Dechaine as to the effect that certain information sent to them prior to the hearing on Dechaine's motion would have had on the verdict had it been submitted to the jury at Dechaine's trial. He argues that by reason of their service as jurors they were qualified pursuant to M.R.Evid. 702 as "true experts for the issue of weighing new evidence." The purpose of Rule 702 is to provide specialized knowledge not otherwise expected to be in the possession of the factfinder. Clearly it is the trial court, not a juror, that possesses the superior knowledge and experience for determining whether any new evidence offered on a motion for a new trial meets the five well-established criteria for the granting of a new trial on that ground.

The entry is:

Judgment affirmed.

All concurring.