1999 ME 188

**STATE of Maine**

v.

**Bracy ASHBY.**

Supreme Judicial Court of Maine.

Submitted on Briefs Nov. 17, 1999.

Decided Dec. 17, 1999.

Michael E. Povich, District Attorney, Paul F. Cavanaugh II, Asst. Dist. Atty., Calais, for State.

Donald F. Brown, withdrew after filing appellant's brief.

Defendant Ashby did not appear thereafter.

Before WATHEN, C.J., and CLIFFORD, RUDMAN, DANA, and SAUFLEY, JJ.

WATHEN, C.J.

▆ [¶ 1] Defendant Bracy Ashby appeals from a judgment entered in the Superior Court (Washington County, *Mead, J.*) on a jury verdict finding him guilty of fishing near floating equipment (Class D), 12 M.R.S.A. § 6957 (Supp.1999). Defendant argues that because the equipment was not properly marked in accordance with the statute, there was insufficient evidence to support his conviction, and that the court erred in its jury instructions. We agree and vacate the judgment.

[¶ 2] The relevant facts may be summarized as follows: On November 24, 1997, a site manager for Maine Aqua Foods and a Maine Marine Patrol Officer observed defendant's fishing vessel "Gentle Sea" dragging for sea urchins near Johnson's Cove in Eastport within 200 feet of Maine Aqua Foods' salmon aquaculture site, which site was marked by a buoy system. An investigation ensued and defendant was charged with fishing near floating equipment in violation of 12 M.R.S.A. § 6957. After a jury trial, a judgment was entered

in the Superior Court finding defendant guilty. Defendant appeals.

[¶ 3] Defendant argues that there was insufficient evidence to satisfy all of the elements of fishing near floating equipment and that the court erred in its jury instruction concerning the elements of the offense. On a sufficiency of the evidence challenge, we review the evidence in the light most favorable to the State to determine whether the factfinder rationally could have found beyond a reasonable doubt every element of the offense charged. *See State v. Marden*, 673 A.2d 1304, 1311 (Me.1996). "We review jury instructions 'as a whole to ensure that they informed the jury correctly and fairly in all necessary respects of the governing law.'" *State v. Day*, 1999 ME 29, ¶ 8, 724 A.2d 1245, 1247 (citation omitted). "A jury instruction that 'creates the possibility of jury confusion and a verdict based on impermissible criteria' is erroneous." *Id.* (citation omitted). If it is highly probable that the instruction did not affect the verdict, however, the error is harmless. *See id.* (citation omitted).

[¶ 4] The statute provides in relevant part as follows:

**1. Prohibition.** A person may not operate a vessel using drags, otter trawls, pair trawls, beam trawls, scottish seines or midwater trawls to fish for or take finfish, shellfish, sea urchins or any other marine organisms within 300 feet of any suspended culture floating cages, tray tracks or other floating equipment authorized in a lease issued by the commissioner under section 6072, *if the equipment is marked in accordance with subsection 1–A.*

**1–A. Markings.** The owner of a suspended culture floating cage, tray rack or other floating equipment shall mark the area in which a vessel is prohibited under subsection 1 with at least 4 anchors, *each marked by a yellow buoy at least 2 feet in diameter.*

12 M.R.S.A. § 6957 (Supp.1999) (emphasis added). The court gave the following jury instruction:

What the law is saying is it is unlawful to intentionally or knowingly operate a dragger within 300 feet of a suspended aquaculture cage if two things are present. First, that the suspended cage has been authorized in the lease by the commissioner of marine resources, and the owner of such suspended cage has marked this 300–foot prohibited area, this prohibited zone, by at least four anchors, each of which is marked by a yellow buoy of at least 2 feet in diameter. *The measurements need not be exact, to the exact inch, if the owner has substantially complied with the dimensions required.* As you can see here, the key to this is there is no violation if these aquaculture cages are not marked by the owner according to law, and that the aquaculture cages are authorized by a lease issued by the commissioner of resources. If those two things are present, then it would be unlawful for an operator to operate or drag within 300 feet of a suspended cage.

All right. Let's come full circle. My comments are not binding law. That's to help you understand it. Rather, this is the law. [The court read verbatim 12 M.R.S.A. § 6957(1) & (1–A).]

(emphasis added).

[¶ 5] The State acknowledges that it did not prove that the owner marked the floating cage with buoys at least 2 feet in diameter. In fact, the buoys varied between 16 inches and 20 inches. The State further concedes that, if we look only at the plain meaning of the statute, it did not meet its burden of showing that defendant violated the statute and thus the conviction should be vacated. The State, however, asks us to look beyond the plain meaning arguing that the overriding controlling rule of statutory construction is to ascertain the legislative intent.

[¶ 6] "It is a well recognized principle of statutory construction that penal statutes are to be construed strictly and that a criminal offense cannot be created by inference or implication, nor can the effect of a penal statute be extended beyond the plain meaning of the language used." *Davis v. State*, 306 A.2d 127, 129 (Me.1973) (citations omitted). Here, the statute could not be clearer. A person is only guilty of the offense if the suspended culture floating cage is properly marked. Subsection 1–A unmistakably requires the cage to be marked with yellow buoys *at least* two feet in diameter. The language is not susceptible to more than one meaning and thus, although we acknowledge the importance of the aquaculture industry, we are bound by the plain and unambiguous language of the statute. Therefore, we conclude that there was insufficient evidence to establish the offense and the court erred in instructing the jury that substantial compliance was sufficient.

The entry is:

Judgment vacated. Remanded for the entry of a judgment in favor of defendant.