STATE OF MAINE
CUMBERLAND, ss.

No. CR –11-6480
)A )) -( ) /: - \ ' :..::

STATE OF MAINE

v.

CHADD A. ROPER

  Defendant

Defendant in the above case has moved to dismiss, arguing that he cannot be convicted of a Class E crime for engaging a prostitute under 17-A M.R.S. § 853-B, and can only be charged with a civil violation.

Defendant's motion is denied. The court is not bound by the prior decision of another trial judge but is convinced by the reasoning in State v. Seymore, CR-09-3427 (Unified Criminal Docket – Cumberland), order dated September 1, 2009 (Wheeler, J), that the intent of the legislature was to make first offense engaging a prostitute a Class E crime notwithstanding 17-A M.R.S. § 4-B(3).[1]

In reaching this conclusion, the court particularly relies on two points. The first is the principle that in interpreting legislation, a statute addressing a specific issue will be given precedence over a statute of more general application. State v. Day, 1999 ME 29 ¶ 13, 724 A.2d 1245, 1247.

The second is the principle that statutes must be construed to avoid illogical results and that no portion of a statute should be treated as surplusage if there is a logical contrary interpretation. See Costain v. Sunbury Primary Care P.A., 2008 ME 142

---

[1] A copy of the Seymore order is attached.

¶ 5, 954 A.2d 1051, 1053; Watts v. Watts, 2003 ME 36 ¶ 8, 818 A.2d 1031, 1033; State v. Day, 1999 ME 29 ¶ 13, 724 A.2d at 1247.

Section 853-B provides as follows:

> 1. A person is guilty of engaging a prostitute if:
>
> A. The person engages a prostitute within the meaning of section 851, subsection 1-A. Violation of this paragraph is a Class E crime, except that the sentencing alternative may include only the penalties provided in section 1301 [fines]; or
>
> B. The person violates paragraph A and, at the time of the offense, the person has one or more prior convictions under this section or for engaging in substantially similar conduct to that contained in this section in another jurisdiction. Section 9-A governs the use of prior convictions when determining a sentence, except that, for the purposes of this paragraph, the date of the prior conviction may not precede the commission of the offense by more than 2 years. Violation of this paragraph is a Class D crime.

If a person who engages a prostitute can only be charged with a civil violation under 17-A M.R.S. § 4-B(3), then a multiple offender could never be charged under § 853-B(1)(B) because such an offender could never have been convicted under paragraph A.[2] This would render section (1)(B) of section 853-B surplusage, an entirely illogical result and one manifestly inconsistent with the intent of the legislature.

Accordingly, the court finds that legislative intent is not unclear in this case, and the rule of lenity does not apply. See State v. Stevens, 2007 ME 5 ¶ 16, 912 A.2d 1229, 1235.

Defendant's motion to dismiss is denied.

---

[2] The Law Court has squarely held that an adjudication for a civil violation is not a conviction. Rich v. Department of Marine Resources, 2010 ME 41 ¶ 8, 994 A.2d 815, 818.

Dated: January 19, 2012

_____
Thomas D. Warren
Justice, Superior Court

3

STATE OF MAINE
CUMBERLAND, ss.

STATE OF MAINE,

        Plaintiff

v.

CATRINA LYNN SEYMORE,

        Defendant.

UNIFIED CRIMINAL DOCKET
CRIMINAL ACTION
DOCKET NO. CUMCD-09-3427 ✔

ORDER & DECISION

## BACKGROUND

The defendant, Catrina Lynn Seymore (Seymore), is charged with one count of Engaging

in Prostitution, a Class E crime.  17-A M.R.S.A. § 853-A.[1] A Class E crime is punishable by up

to a $1,000 fine and six months imprisonment, but section 853-A(1)(A) articulates that for a

first-time violation the "sentencing alternatives may include only the penalties provided in

section 1301." Section 1301 states that a person convicted of a crime "may be sentenced to pay

a fine," and provides guidelines amounts.[2] Seymore alleges that, in accordance with 17-A

---

[1] Section 853-A states:

1. A person is guilty of engaging in prostitution if:

    A. The person engages in prostitution as defined in section 851. Violation of this paragraph is a
Class E crime, except that the sentencing alternative may include only the penalties provided in
section 1301; or

    B. The person violates paragraph A and, at the time of the offense, the person has one or more
prior convictions under this section or for engaging in substantially similar conduct to that
contained in this section in another jurisdiction. Section 9-A governs the use of prior convictions
when determining a sentence, except that, for the purposes of this paragraph, the date of the prior
conviction may not precede the commission of the offense by more than 2 years. Violation of this
paragraph is a Class D crime.

[2] The relevant portions of section 1301 are:

"1-A. A natural person who has been convicted of a Class A, Class B, Class C, Class D or Class E crime
may be sentenced to pay a fine, unless the law that the person is convicted of violating expressly provides
that the fine and imprisonment penalties it authorizes may not be suspended, in which case the convicted

M.R.S.A § 4-B, since the section of the statute with which she is charged does not impose any jail time, it is a civil violation, not a crime.[3] On this basis, Seymore has moved, pursuant to M.R. Crim. P. 12(b)(2), to dismiss the complaint for failure to allege a criminal offense. For the reasons discussed below, her motion is DENIED.

## DISCUSSION

### I.    Standard of Review

The interpretation of statutes is a question of law. *State v. Day*, 2000 ME 192, ¶5, 760 A.2d 1039, 1040. The court first looks to the plain meaning of the statute and "considers the particular language in the context of the whole statutory scheme." *Id.* (internal citations omitted). Although, criminal statutes must be strictly construed, "judicial interpretation must be reasonable and sensible, with a view to effectuating the Legislature." *State v. Millett*, 392 A.2d 521, 525 (Me. 1978). If there are ambiguities after strictly construing a criminal statute, the statute must be resolved in favor of the defendant, but statutory language should not be construed so as to provide "absurd, illogical, or inconsistent results." *State v. Day*, 1999 ME 29, ¶13, 724 A.2d 1245, 1247; *see also State v. Wilder*, 2000 ME 32, ¶ 30, 748 A.2d 444, 452. However the court must not lose sight of the integral principle "that, where the language of a statute [is] plain and unambiguous, there is no occasion for resorting to the rules of statutory interpretation. *State v. Millett*, 392 A.2d at 525 (citing *Chase v. Edgar*, 259 A.2d 30, 32 (Me. 1969)).

---

person must be sentenced to the imprisonment and required to pay the fine authorized in that law. Subject to these sentences and to section 1302, the fine may not exceed: . . . E. $1,000 for a Class E crime." Section 1302 provides the criteria for imposing fines, namely an offender's ability to pay the fine.

[3] Section 4-B(3) states: "A law or ordinance which prohibits defined conduct, but does not provide an imprisonment penalty, is a civil violation, enforceable in accordance with subsection 1. A law or ordinance which is stated to be a criminal violation or which otherwise uses language indicating that it is a crime, but does not provide an imprisonment penalty is a civil violation . . . unless the law or ordinance is an exception to the operation of this subsection."

2

II.    Section 853-A

The court concludes that violating section 853-A is a crime, not a civil violation, and Defendant Seymore's argument fails because it ignores the plain language and the entire statutory schema of section 853-A.

The plain language of section 853-A clearly indicates the criminal nature of the statute by establishing that a first time violation of the statute is a Class E crime, and subsequent violations are Class D crimes.[4] The court concludes that not only is the statute clear and unambiguous, but also that to construe it any other way would cause absurd results because it would render the statute essentially useless. If, as Seymore contends, first time violators could only be convicted of a civil violation then section 853-A (1)(B) would be of no use because no one would ever have prior criminal convictions under the statute. Thus, the court disagrees with Seymore's contention that the statute should be construed as a civil violation, both because it contravenes the plain language of the statute, and because the interpretation would render absurd results.[5]

Defendant Seymore further asserts that since the portion of section 853-A with which she is charged does not provide for imprisonment this portion of the statute can only be a civil violation. The court is not persuaded by this argument. "Statutes should be construed as a whole." *Walters v. Ives*, 1988 Me. Super. LEXIS 137, 16 (June 6, 1988) (citing *Inman v.*

---

[4] The defendant alleges that the Legislature intentionally made violation of section 853-A a civil violation because they could have amended the language of the statute when making the 2001 amendments to exclude the applicability of 4-B. The court disagrees. Although it is not necessary to discern the legislative intent behind the statute since its purpose is clear from the plain language, the court notes that one of the primary purposes for the 2001 amendments was to make the entire Chapter 17-A gender neutral. *See* L.D. 128, Summary, at lines 34-37 (120th Legis. 2001) (stating that the changes include "language to make the statutes gender neutral"); *see also Kimball v. Land Use Regulation Commission*, 2000 ME 20, ¶ 19, 745 A.2d 387, 392 (stating that "only when the words are susceptible of multiple meanings, or render the enactment an absurdity or nullity, should the court explore the indicia of legislative intent").

[5] The court further notes that as the statute is not ambiguous, the "Rule of Lenity" is inapplicable.

3

*Willinski*, 144 Me. 116, 123, 65 A.2d 1, 5 (1916)). The meaning of a statute "is to be sought by an examination and consideration of all of its parts and not from any particular word or phrase that may be contained in it. This is the guiding star in the construction of any statute. Such a construction must prevail as it will form a consistent and harmonious whole." *Id.*

Lastly, a plain reading of section 853-A reveals two different penalties for violating the statute, one that allows imprisonment and one that imposes a fine. "The fact that one sentence does not refer to imprisonment as a sanction does not alter the criminal import of the provision." *See Walters*, 1988 Me. Super. LEXIS 137, 16 (stating that "[a]lthough the legislative history . . . provides no guidance . . . [when r]ead as a 'harmonious whole,' [it] is a criminal statute"). Although the penalty for a first time offense under section 853-A(1)(A) is a fine, this does not negate that the statute taken as a whole is criminal in nature. Further, the Law Court has clearly stated that imprisonment *cannot* be imposed for a civil offense. *See State v. George Hall & Sons,* 1987 Me. Super. LEXIS 87, 2-3 (Mar. 24, 1987) (citing *State v. Freeman*, 487 A.2d 1175, 1177 (Me. 1985); *State v. Anton*, 463 A.2d 703, 706-06 (Me. 1983). Thus, as imprisonment may result from violating section 853-A, it is evident that it is criminal in nature and not a civil violation.

## CONCLUSION

The motion to dismiss is therefore DENIED.

DATED: 9\1\09

_____
Joyce A. Wheeler, Justice

4

STATE OF MAINE
  vs
CHADD A ROPER                                    Docket No  CUMCD-CR-2011-06480
389 MAGUIRE ROAD
KENNEBUNK ME 04043                               **DOCKET RECORD**

DOB: 05/23/1979
Attorney: TINA NADEAU                            State's Attorney: STEPHANIE ANDERSON
         DANIEL G LILLEY LAW OFFICE
         39 PORTLAND PIER
         PO BOX 4803
         PORTLAND ME 04112
         RETAINED 09/12/2011

Filing Document: CRIMINAL COMPLAINT             Major Case Type: MISDEMEANOR (CLASS D,E)
Filing Date: 10/03/2011

## Charge(s)

1   **ENGAGING A PROSTITUTE**                    **08/17/2011 YARMOUTH**
Seq 9616  17-A  853-B(1)(A)           Class E
   EMERY                  / CUM

## Docket Events:

10/06/2011 FILING DOCUMENT -  CRIMINAL COMPLAINT FILED ON 10/03/2011

10/06/2011 Charge(s): 1
         HEARING -  ARRAIGNMENT SCHEDULED FOR 10/12/2011 at 08:30 a.m. in Room No.  1

         NOTICE TO PARTIES/COUNSEL
10/06/2011 Party(s):  CHADD A ROPER
         ATTORNEY -  RETAINED ENTERED ON 09/12/2011

         Attorney:  TINA NADEAU
10/13/2011 Charge(s): 1
         HEARING -  ARRAIGNMENT WAIVED ON 10/12/2011 at 08:30 a.m. in Room No.  1

10/13/2011 Charge(s): 1
         PLEA -  NOT GUILTY ENTERED BY COUNSEL ON 10/12/2011 at 08:30 a.m. in Room No.  1

10/13/2011 Charge(s): 1
         HEARING -  DISPOSITIONAL CONFERENCE SCHEDULED FOR 12/06/2011 at 09:30 a.m. in Room No.  7

10/13/2011 Charge(s): 1
         TRIAL -  JURY TRIAL SCHEDULED FOR 01/23/2012 at 08:30 a.m. in Room No.  11

         NOTICE TO PARTIES/COUNSEL
11/28/2011 Charge(s): 1
         HEARING -  DISPOSITIONAL CONFERENCE NOTICE SENT ON 11/28/2011
         JUSTIN  WESLEY , ASSISTANT CLERK-E
12/06/2011 Charge(s): 1
         HEARING -  DISPOSITIONAL CONFERENCE HELD ON 12/06/2011
         THOMAS D WARREN , JUSTICE
         Attorney:  DARRICK BANDA
         CR_200            Page  1  of  2                    Printed on: 01/19/2012

DA:   ANGELA CANNON
CONF HELD                                                      MOTION TO BE
FILED WITH COURT AND STATE BY 12-16-11, STATE'S RESPONSE TO    BE FILED BY 1-4-12
12/16/2011 Charge(s): 1
           MOTION -  MOTION TO DISMISS FILED BY DEFENDANT ON 12/16/2011


01/05/2012 OTHER FILING -  OTHER DOCUMENT FILED ON 01/04/2012


           STATE'S REPLY TO DEF'S MOTION TO DISMISS FILED
01/19/2012 Charge(s): 1
           MOTION -  MOTION TO DISMISS DENIED ON 01/19/2012
           THOMAS D WARREN , JUSTICE
           COPY TO PARTIES/COUNSEL
01/19/2012 ORDER -  COURT ORDER FILED ON 01/19/2012
           THOMAS D WARREN , JUSTICE
           COPY SENT TO ALL PARTIES 1-19-12 (D. COOK)                ORDER ON MOTION
           TO DISMISS COPIES SENT TO ALL PARTIES


A TRUE COPY
ATTEST:  _____
                   Clerk